■ Cynthia J. Martin, Individually and as Executrix of Eugene J. Martin, Deceased, Respondent, v Arthur Hacker et al., Defendants; Fay's Drug Company, Inc., et al., Respondents, and Interstate Drug Exchange, Inc., Appellant.— Casey, J. Appeal from an order of the Supreme Court (Brown, J.), entered April 7, 1989 in Saratoga County, which denied a motion by defendant Interstate Drug Exchange, Inc. for summary judgment dismissing the complaint and all cross claims asserted against it.

Plaintiff seeks to recover damages for the death of her husband from a self-inflicted gunshot wound to the head. The complaint alleges that the suicide was a direct result of severe depression induced by certain drugs that her husband was taking for hypertension. Defendant Interstate Drug Exchange, Inc. (hereinafter Interstate) is a distributor of at least one of the drugs, reserpine, which it allegedly sold to defendant Fay's Drug Company, Inc. (hereinafter Fay's). The drug was dispensed to decedent by a Fay's drug store in the City of Saratoga Springs, Saratoga County, pursuant to a prescription written by decedent's physician, who is also a defendant in this action. Liability is predicated on an alleged breach of the duty to warn of the drug's side effects.

Interstate moved for summary judgment, contending that because it was not the manufacturer of reserpine, it had no duty to warn of the possible side effects and that, in any event, the warnings provided by the manufacturer were adequate, particularly since decedent's physician stated that he was aware of the drug's capacity to cause severe depression

and suicide. Supreme Court denied Interstate's motion without a written decision to indicate its reasoning.

It is conceded that Interstate did not manufacture the drug and did not add to, take away from or otherwise alter the drug. Rather, as a distributor, Interstate merely passed the drug along to its customer, Fay's, in the same packaging that the drug was in when it was delivered to Interstate by the manufacturer. Plaintiff claims that Interstate is nevertheless liable for the alleged inadequacy of the warnings because it adopted and represented the drug as its own (see, Commissioners of State Ins. Fund v City Chem. Corp., 290 NY 64, 69; Bichler v Willing, 58 AD2d 331, 333).*

The only evidence that Interstate adopted and represented the drug as its own is contained in the label placed upon the bulk packaging by the manufacturer. The front of the label contains Interstate's logo along with the name of the drug. One side panel, in somewhat smaller print, describes Interstate as the distributor and the other side panel, also in smaller print, states: "This is a bulk package. Dispense contents with child-resistant closure (as required) in a tight, light-resistant container, USP. Manufactured by Richlyn Laboratories, Inc."

Assuming that this label, standing alone, is sufficiently ambiguous to create a question of fact as to whether Interstate represented the drug as its own, other evidence in the record establishes that no such factual issue has been raised. The depositions of an employee of Interstate and an employee of Fay's show that Interstate clearly communicated its status as a distributor and did nothing to represent the drug as its own. Interstate took delivery of the drug from the manufacturer in sealed bulk containers and shipped the drug to retailers, such as Fay's, in the same bulk packaging. Interstate did no advertising, relying instead on catalogs which listed the drug by name and, apparently, product number. Retailers would order the drug from the catalog or by phone, using the name of the drug or its product number. To fill a prescription, Fay's would remove the appropriate number of tablets from the bulk container and dispense them in its own bottle with its own label. There is nothing in the record to suggest that any party other than the manufacturer and the retailer was even aware of Interstate's involvement in the

---

* As plaintiff does not claim that Interstate is strictly liable in its role as a distributor in the chain of commerce, irrespective of whether it adopted and represented the drug as its own, we do not reach that issue.

distribution of the drug. The manufacturer obviously was aware of Interstate's status, and the evidence in the record establishes that Fay's was also aware that Interstate was the distributor of a drug which was manufactured by another party. In these circumstances, there is no basis for imposing liability upon Interstate for any alleged deficiency in the warnings provided by the manufacturer and its motion for summary judgment should have been granted.

Order reversed, on the law, with costs, motion granted and summary judgment awarded to defendant Interstate Drug Exchange, Inc. dismissing the complaint and all cross claims against it. Mahoney, P. J., Kane, Casey, Levine and Mercure, JJ., concur.